The Honorable Wayne Dowd State Senator P. O. Box 2631 Texarkana, Arkansas 75501
Dear Senator Dowd:
This is in response to your request for an opinion regarding the potential dual taxation of personal property of one of your constituents. You have asked the following specific questions:
 1. What is the appropriate county for assessment and payment of the taxes on the constituent's farm equipment?
 2. What recourse, if any, does the constituent have to resolve this dual taxation problem short of retaining counsel and instituting litigation?
You note that the constituent owns property and resides in County No. 1. He apparently farms property in both County No. 1 and County No. 2, but assesses his personal property, including his farm equipment, in County No. 1 where he resides and where the equipment is stored. You note that the tax assessor in County No. 2 has assessed the farming equipment listed on lien documents filed in County No. 2, and that this essentially constitutes all of such equipment.
In response to your first question, Ark. Stat. Ann. 84-417 (Repl. 1980) specifies the place of assessment with respect to tangible personal property. The statute provides in pertinent part:
 "All . . . tangible personal property shall be assessed for taxation in the taxing district in which such property is located and kept for use. . . ."
As a general rule, movable property, which has a character and existence separate and apart from its representative monetary value, is taxable in the place where it is permanently or usually kept or physically present and located. 84 C.J.S. Taxation 115, 316 (1954). Statutes fixing the taxable situs of personal property at the place it is kept or located generally contemplate the situation in which personal property moves from place to place but comes to rest at a particular place during periods of non-use.
84-417 appears to fix the taxable situs of personal property by its location. The situs of personal property fixed by location is, moreover, determined by the place at which such property comes to rest or is permanently located. It may be successfully contended based upon the foregoing that County No. 1 is the taxable situs for your constituent's farm equipment, so long as that is the place where it comes to rest and where it is permanently located. Based on the facts stated, the farm equipment is arguably not "located or kept for use" in County No. 2. This is based upon the assertion that the equipment's presence in County No. 2 is temporary; that is, it is there only during the time the constituent is engaged in actual farming activities.
You have also asked what recourse this individual has short of initiating action in court. A taxpayer may complain to the county board of equalization for adjustment of an assessment pursuant to Ark. Stat. Ann. 84-708 (1980). This provision states in pertinent part as follows:
 Any property owner may, by petition or letter, apply to the Equalization Board for the adjustment of the assessment of his own property . . . as assessed by the county assessor, provided, all applications shall be made to the board on or before the third Monday in August.
It appears in this instance that the statutory period for complaining to the board of equalization has passed. The taxpayer's apparent recourse in this situation is through the courts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.